**David ROSS, Appellant,**

v.

**STATE of Minnesota, DEPARTMENT OF HUMAN SERVICES, Hennepin County, Respondents.**

**No. C5–90–2439.**

Court of Appeals of Minnesota.

May 21, 1991.

Review Denied Aug. 12, 1991.

Laurie N. Davison, Law Offices of the Legal Aid Society of Minneapolis, Inc., Minneapolis, for David Ross.

Hubert H. Humphrey, III, Atty. Gen., Craig R. Anderson, Sp. Asst. Atty. Gen., St. Paul, for State of Minn., Dept. of Human Services.

Michael Freeman, Hennepin County Atty., Deonne Parker, Asst. County Atty., Minneapolis, for Hennepin County.

Considered and decided by NORTON, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant David Ross challenges the order of the district court affirming the decision of the Department of Human Services limiting the deductibility of his income taxes and FICA contributions thereby restricting his eligibility for medical assistance. The agency's calculation requires appellant to incur a $580 monthly spend down prior to becoming eligible for medical assistance.

## FACTS

Appellant is a quadriplegic as a result of injuries suffered in a 1983 accident. Following his rehabilitation, appellant has become able to live independently, though confined to a wheelchair. Appellant requires assistance in performing personal and hygiene tasks and has relied on medical assistance to cover the $2,000 in expenses he incurs monthly in employing a personal care attendant.

Appellant, who initially received medical assistance with no spend down requirement, became employed as a computer programmer-analyst in 1987 at a salary of approximately $2,200 per month. In No-

vember, 1989, respondent Hennepin County Department of Economic Assistance reviewed appellant's eligibility for medical assistance.

In calculating appellant's income, the county deducted only $64 in income taxes and FICA contributions. The county determined appellant had income in excess of the medical assistance income standard and required appellant to incur a spend down, essentially a co-payment, before becoming eligible for benefits which could be used to pay the balance of his expenses.

Appellant appealed the determination to respondent Minnesota Department of Human Services which imposed a modified spend down figure requiring appellant to incur $580 in medical expenses prior to becoming eligible for medical assistance. Thereafter, appellant appealed to the district court which affirmed the agency's decision.

## ANALYSIS

Decisions of administrative agencies enjoy a presumption of correctness and deference should be shown by reviewing courts to an agency's expertise in the field of its technical training, education and experience. *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 824 (Minn.1977). This court may reverse an agency's decision only if it violates constitutional law, exceeds the agency's jurisdiction, is unsupported by substantial evidence, is arbitrary or capricious, or is based on errors of law. Minn.Stat. § 14.69 (1988).

Resolution of this case turns on the proper interpretation of the federal financial participation statute, 42 U.S.C.A. § 1396b(f) (West Supp.1990). Because congress' intent with regard to the statute is in question, deference should be given to the administrative agency's determination concerning construction of the statute. *See Resident v. Noot,* 305 N.W.2d 311, 312 (Minn.1981) (court defers to agency's interpretation when statutory language is subject to technical construction and only a specialized agency has the experience and expertise needed to understand it).

Minnesota has chosen to provide medical assistance benefits to certain aged, blind or disabled individuals and families with children whose income and resources render them ineligible for Aid to Families with Dependent Children (AFDC) or Supplemental Security Income (SSI). 42 U.S.C.A. § 1396a (West Supp.1990); Minn.Stat. § 256B.055, subd. 7 (Supp.1989). Minnesota calculates an individual's eligibility for medical assistance by using the same methodology to determine eligibility under the federal SSI program. Minn.Stat. 256B.055, subd. 7 (Supp.1989).

Although the treatment of income in the medical assistance program may not be more restrictive than in the SSI program, it may be less restrictive. 42 U.S.C.A. § 1396a(r)(2)(A) (West Supp.1990). Accordingly, the state may validly allow deductions for withholding of state and federal income taxes as well as FICA contributions. Minn.Stat. § 256B.055, subd. 7, provides that the Commissioner shall deduct state and federal income taxes and federal insurance contribution act payments, "to the extent allowed by federal law." The critical question, therefore, is to what extent Ross's deductions are allowed by federal regulations.

In addition to complying with the guidelines for determining eligibility for medical assistance under the SSI program, Minnesota must also fulfill the requirements under the Medicaid Federal Financial Participation (FFP) statutes in order to receive federal funding. 42 C.F.R. § 435.1007(a) (1989). The FFP statutes operate to deny medical assistance payments to families whose annual income exceeds the threshold amount as determined by the state in accordance with guidelines promulgated by the United States Secretary of Health and Human Services. *Id.* Minnesota has determined the FFP limit for a disabled individual to be $466.[1]

■ Ross argues that his income is within the FFP limit and maintains that the federal regulations require that his incurred medical expenses be excluded from his gross income to determine whether his countable income is within the FFP limit. *See* 42 U.S.C.A. § 1396a(a)(17)(B) (West Supp.1990).

Ross maintains that if his $2,000 in medical expenses were first deducted from his income, he would not have countable income greater than the medical assistance income standard so as to restrict the deductibility of his income tax and FICA contributions under the SSI methodology. 42 U.S.C.A. § 1396a(f) (West Supp.1990) provides:

> [T]he income of any such individual as determined in accordance with section 1396b(f) of this title (after deducting any supplemental security income payment and State supplementary payment made with respect to such individual, and incurred expenses for medical care as recognized under State law regardless of whether such expenses are reimbursed under another public program of the State or political subdivision thereof is not in excess of the standard for medical assistance established under the State plan.

The Department of Human Services, on the other hand, maintains that Ross's incurred medical expenses are deducted only if countable income is greater than the FFP limit, and thereafter to the extent necessary to reach the limit. We agree.

The United States Department of Health and Human Services has promulgated regulations to determine income eligibility for medical assistance for the medically needy.

---

1. FFP funds are available to medically needy individuals whose annual income does not exceed 133–⅓ percent of the amount "reasonably related" to the highest payment made under the state's AFDC program to a family of two without income, rounded to the next higher multiple of $100. *See* 42 C.F.R. § 435.1007(a).

Minnesota uses a base figure of $350 representing 80 percent of the AFDC standard payment to a family of two. *See* Minn.R. 9500.2440 (1989). Because the incremental needs of the second member of a household will be less than those of the first member, the 80 percent figure for an individual is "reasonably related" to the AFDC payment for a family of two. Accordingly, the resultant FFP limit of $466 is also reasonable.

42 C.F.R. § 435.831 provides in pertinent part:

> (c) *Deduction of incurred medical expenses.*
>
> (1) If countable income exceeds the income standard, the agency must deduct from income, in the following order, incurred medical expenses that are not subject to payment by a third party * * *

To determine Ross's eligibility for medical assistance, first, amounts that would be deducted in determining his eligibility for SSI benefits are deducted from his gross income. Second, additional amounts specified in Minn.Stat. § 256B.055, subd. 7, are deducted. Because Ross's countable income is greater than the $466 FFP limit, he must incur medical expenses in the form of a spend down to the extent necessary to reach the $466 income standard. Thereafter, medical assistance benefits are available to the remainder of his medical expenses.

We conclude that the Minnesota Department of Human Services' calculation is consistent with the federal statutes and regulations. Ross is entitled to a deduction for taxes and FICA contributions only up to $64. This amount represents the difference between the $466 SSI limit as determined by the state and Minnesota's medical assistance income standard of $402.

■ Ross additionally argues that the Department of Human Services is required to deduct his taxes and FICA contributions because they represent income which is not "actually available" to him. *See* 42 U.S.C.A. § 1396a(a)(17)(B) (West Supp.1990). We cannot agree.

In *Heckler v. Turner*, 470 U.S. 184, 105 S.Ct. 1138, 84 L.Ed.2d 138 (1985), the United States Supreme Court discussed the principle of income "actually available" to the recipient. The Supreme Court analyzed the "availability" of mandatory wage withholdings in computing an AFDC recipient's net income, concluding tax withholdings were indistinguishable from other work expenses. *Id.* at 200, 105 S.Ct. at 1147; *see also Whitehouse v. Ives,* 736 F.Supp. 368, 374 (D.Maine 1990) (available income under Medicaid statute includes mandatory tax withholdings). We conclude income tax and FICA withholdings may validly be included in a recipient's earned income to determine his eligibility for medical assistance. Ross's argument that such income is not "actually available" to him fails.

## DECISION

Minnesota has consistently sought, whenever possible, to remove barriers impeding disabled individuals. The current statutory scheme for determining eligibility for medical assistance provides a disincentive for our disabled citizens courageously entering the mainstream of society and the work force, who may validly withdraw and become totally dependent on social security, and medical assistance.

Nevertheless, we are constrained by the reasonableness of statutory construction to impose upon appellant a portion of the burden shared by all of us. The Department of Human Services correctly calculated appellant's spend down and limited his deductions.

Affirmed.